

**Decided May 1, 1985**

IN THE DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

DAVID GOWER,                          )     CIVIL ACTION NO. 82-0054
                                      )
                Plaintiff,            )
                                      )
        vs.                           )     DECISION DENYING MOTION
                                      )     TO DISMISS AND DENYING
COMMONWEALTH OF THE NORTHERN          )     MOTION TO COMPEL
MARIANA ISLANDS,                      )
                                      )
                Defendant.            )
_____)

        The plaintiff, David Gower, brought this action on October 6, 1982 for injuries suffered due to the alleged negligence of the defendant Commonwealth of the Northern Mariana Islands in the administration of medical treatment. Presently before the Court are the Commonwealth's motion to dismiss and Gower's motion to compel discovery. For the reasons stated below, both motions are denied.

MOTION TO DISMISS

The Commonwealth bases its motion to dismiss on two grounds. First, it argues that Gower has neglected to prosecute this case in a diligent manner. In support of this allegation, the Commonwealth cites Gower's failure to file a proposed amended complaint, prepare a pre-trial statement and secure a proper substitution of counsel. It is apparent to the Court that these procedural omissions are largely due to a personal dispute between Gower's past and present counsel. While the actions taken or not taken by Gower's counsel in this matter are not condoned, the Court is hesitant to levy sanctions against Gower for problems which are not of his making. And, while it is beyond dispute that these problems have slowed the progress of this case, the Commonwealth is not free of some responsibility. No fewer than seven attorneys have appeared in this matter, either in the pleadings or before the bench, on behalf of the Commonwealth. This attorney rotation has not been without accompanying delay. See, e.g., Gower, Minutes of Proceedings, April 27, 1984 (status conference continued due to substitution of defense counsel). Moreover, the Commonwealth's responses to Gower's November 15, 1982 interrogatories were not only filed late, March of 1983, but, by the concessions of the Commonwealth, were incomplete. In light of the history of this case, the Court finds that blame for the delay in this matter can be laid on both parties. Accordingly, that delay attributable to Gower is not a sufficient ground for dismissal.

176

The Commonwealth sets forth as further basis for its motion the failure of Gower to identify his expert witness. Cited in support of this assertion is the Commonwealth's interrogatory No. 19 of December 4, 1984, seeking the identity of Gower's experts, the response to which reads:

> 19. We are currently trying to finalize arrangements with a potential expert. We will supplement this answer when arrangements are finalized.

This Court strongly encourages the timely and expedient exchange of information regarding expert witness. However, it is this Court's policy to order the identification of intended witnesses before the pre-trial conference only where the conference is set at a time so close to the trial date that there would be insufficient time for the moving party to adequately prepare for trial. See, Maruyama & Associates, Ltd. v. Mariana Islands Housing Authority, Civil No. 82-0066 (D.N.M.I. Decision filed February 12, 1985). Here, Gower has not yet secured his expert and more importantly, no trial date has been set. Accordingly, the Court does not believe that the failure at this date to identify an expert constitutes sufficient grounds for dismissal. The motion to dismiss is, therefore, denied.

The Court heard, on the same day, Gower's motion to compel more complete answers to his first set of interrogatories. On April 25, 1985, the day before the hearing, the Commonwealth filed supplemental answers to that set of interrogatories. Accordingly, Gower's motion to compel discoveries is denied

AO 72
(Rev.8/82)

without prejudice to any new motion based on the supplemental responses.

DATED this _1ST_ day of _May_, 1985.

_[signature]_
_____
JUDGE ALFRED LAURETA

178